**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DESMOND D. GREEN**                                                    **PLAINTIFF**


**VERSUS**                                        **CAUSE NO.** 3:23-cv-126-CWR-FKB


**CITY OF JACKSON, MISSISSIPPI,**
**HINDS COUNTY, MISSISSIPPI, and**
**DETECTIVE JACQUELYN THOMAS,**
**Individually,**                                                      **DEFENDANTS**

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

This is an action to recover damages for violations of the United States Constitution.   The following facts support this action:

1.

Plaintiff DESMOND D. GREEN is an adult resident citizen of Jackson, Hinds County, Mississippi.

2.

Defendant CITY OF JACKSON, MISSISSIPPI is a political subdivision of the State of Mississippi.   Defendant City may be served with process through its Mayor, Chokwe Antar Lumumba, at Jackson City Hall, 219 South President Street, Jackson, Mississippi 39201.   Defendant City is sued because of the official policy decisions and customs of the Jackson, Mississippi Police Chief, which is the official policymaker for the City of Jackson Police Department.

Defendant HINDS COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. Defendant County may be served with process through its Chancery Clerk, Eddie Jean Carr, at 316 South President Street, Jackson, Mississippi 39201. Defendant County controls the Raymond Detention Center. The inhumane conditions in the jail, to be described herein, are the proximate result of official policy decisions of the Sheriff of Hinds County, Mississippi and of its Board of Supervisors and of the City of Jackson's City Council.

Defendant DETECTIVE JACQUELYN THOMAS is an adult resident citizen of Mississippi. Defendant Thomas may be served with process at 327 East Pascagoula Street, Jackson, Mississippi 39205. Defendant Thomas is a Police Detective with the City of Jackson, Mississippi.

3.

This Court has federal question jurisdiction under 28 U.S.C. § 1331 and civil rights jurisdiction under 28 U.S.C. § 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims. This action is authorized by 42 U.S.C. § 1983.

4.

On approximately February 13, 2020, one Nicholas Robertson was shot, and in a dying condition, knocked on the door of Avery Forbes of 2101 Florence Avenue in the City of Jackson, Mississippi, seeking assistance. Officer Joshua Johnson of the Jackson Police Department arrived at the Forbes' home to find Robertson conscious but unresponsive. Robertson subsequently expired. Plaintiff did not know Robertson.

5.

On approximately April 10, 2020, Samuel Jennings, a drug addict, was committed to the Hinds County Jail on charges of burglary and grand larceny. While in the Hinds County Jail,

Jennings gave a false statement to Defendant Thomas claiming Plaintiff had moved Robertson's body.

6.

Based solely on Jennings' false statement, and with no corroboration for the statement, Defendant Thomas and/or other representatives for Defendant City obtained Plaintiff's Indictment on July 10, 2020.  Full and complete information could not have been given to the Grand Jury.  Had it been, Plaintiff would not have been indicted.  No Grand Jury would have indicted Plaintiff had it been truthfully informed that Jennings' statement was false, was contrary to the known evidence, and was given by a drug addict in a mentally-altered condition, and was high on drugs or was in a state of drug withdrawal.

7.

A police report already on file at the time of Plaintiff's arrest showed that the deceased came to Avery Forbes' after being shot.  This police report demonstrates that the deceased's body had not been moved, but that Robertson was conscious and able to talk to Avery Forbes after he had been shot, and that his body was found at Avery Forbes' residence.

8.

Defendant Thomas and/or other officials of the City of Jackson also must have withheld from the Grand Jury the fact that Jennings was a known thief and known drug addict, and was mentally-altered or experiencing drug withdrawals when he gave the statement.

9.

It is also likely that Defendant Thomas and/or other officials of the City of Jackson likely withheld from the Grand Jury the fact that officers had evidence that Brandon Summerall had been with the deceased shortly before his death, and Plaintiff had not been present.

10.

Defendant Thomas knew Jennings' uncorroborated testimony could not establish probable cause.

11.

On March 23, 2022, attorneys with the Hinds County Public Defender's Office and their investigator videotaped a statement with Jennings. Jennings informed the public defender that he was drug-impaired on February 13, 2020, when he gave the statement to Defendant Thomas, and attributed his giving the statement to his methamphetamine use. At that time, March 23, 2022, Jennings advised that his statement was baseless, that he had no knowledge whatsoever as to how Robertson was killed or who was responsible for his death.

12.

Representatives of the Hinds County District Attorney's Office met with Samuel Jennings on April 13, 2022, when Jennings was, once again, in the Hinds County Jail. At that time, Jennings stated that he had consumed eighty (80) to ninety (90) units of methamphetamine over one to two (2) hours' time before he gave his April 10, 2020 statement to Defendant Thomas implicating Plaintiff. As of April 13, 2022, Jennings stated that he did not remember anything he told Defendant Thomas, and, again, repeated that he had no knowledge about who was involved in the murder of

Nicholas Robertson.  Further, Jennings stated that he was in the hospital on February 13, 2020, the date when Robertson was murdered, further discrediting his original statement.

13.

On approximately April 14, 2022, the State moved the court that "this case be remanded," since the State is "unable to meet its burden of proof at this time."  A copy of the motion of the State to remand the case and setting forth the grounds for the motion is attached hereto as Exhibit "A."

14.

In filing its motion alerting the Court that it could not meet its burden of proof, the State attached as Exhibit 1, a handwritten statement dated March 23, 2022, witnessed by Joseph Smith, in which Jennings states that Defendant Thomas, who interviewed him, produced a photograph lineup in which he had identified a person other than Plaintiff as the person who committed the murder. *See* Exhibit "1" to Exhibit "A."

15.

Defendant Thomas is liable to Plaintiff because she is the individual who maliciously caused Plaintiff to be wrongfully arrested, prosecuted, and imprisoned for two (2) years and three (3) months without probable cause.

16.

Defendant City of Jackson is liable, along with Defendant Thomas, for the wrongful arrest and wrongful confinement and imprisonment, without probable cause, because Defendant City of Jackson, through its official policymakers, consisting of the Chief of Police and/or other Defendant City officials, had been willfully indifferent to the rights of citizens by failing to train officers that

they could not cause an arrest and imprisonment of a person without reliable evidence indicating probable cause, and without disclosing complete, accurate information to the Grand Jury.

17.

Defendant City's Police Chief may have delegated to Defendant Thomas full authority over the investigation, thus allowing her to become the official policymaker of the City when performing the investigation and to make the decision to arrest and confine Plaintiff, without probable cause. If the Police Chief so delegated the unsupervised arrest authority to Defendant Thomas, then Defendant City is liable for the Chief's official police actions taken in violation of the Fourth and Fourteenth Amendments.

18.

As a result of his arrest without probable cause, Plaintiff was imprisoned in the Raymond Detention Center, a facility operated by Defendant Hinds County. There, Plaintiff remained for two (2) years and three (3) months. The conditions at the Raymond Detention Center were inhumane. In his first night in the jail, Plaintiff's cell mate was stabbed. There was a rodent infestation in the jail. Snakes populated the jail. There was constant yelling, fighting, and threats of violence. Plaintiff often did not have a mattress, or even a pad, to sleep on, and slept on the floor. The food was moldy and stale. Plaintiff constantly feared for his life. The jail conditions fell below Eighth Amendment and Fourteenth Amendment constitutional standards for reasons described in *United States v. Hinds Cnty.*, 2022 WL 1112223 (S.D. Miss. 2022), and described throughout the pleadings in the case styled *United States v. Hinds Cnty., et al.*, United States District Court, Southern District of Mississippi, Civil Action No. 3:16cv489.

19.

Defendants are liable to Plaintiff as follows:

Count I:

Defendant Thomas, in her individual capacity, is liable to Plaintiff for malicious prosecution and malicious arrest without probable cause, in violation of the Fourth Amendment and Fourteenth Amendment, and in violation of state law.

Count II:

Defendant City of Jackson is liable to Plaintiff for violation of the Fourth and Fourteenth Amendments which was caused by official policies of Defendant City in being willfully indifferent to citizens being arrested without probable cause and failing to train its officers on the necessity of probable cause.  Defendant City making policy decisions to give no training on the meaning of probable cause, or how probable cause might be established, and of failing to instruct its officers that an informant can establish probable cause only if he or she is reliable or there is corroboration. Alternatively, Defendant City of Jackson is liable because it delegated to Defendant Thomas the full authority to make arrests without supervision.  There was a total absence of supervision of Defendant Thomas.

Count III:

Defendant City and Defendant County are jointly liable for violation of the Eighth and Fourteenth Amendments of the United States Constitution with respect to jail conditions because their official policy decisions, not to provide humane pretrial confinement, resulted in Plaintiff's being confined in inhumane conditions.  Plaintiff was held in conditions which violated the standards of Fourteenth Amendment substantive due process and the Eighth Amendment prohibition of cruel and unusual punishment.  The conditions were not necessary to assure Plaintiff's presence at trial.

These conditions have been held unconstitutional by this Court in *United States v. Hinds Cnty.*, 2022 WL 1112223 (S.D. Miss. 2022), and Defendant Hinds County is collaterally estopped to deny that Plaintiff was held in conditions which violate the Eighth and Fourteenth Amendments.  This Court's opinion and consent orders in Civil Action No. 3:16cv489, reported at *United States v. Hinds Cnty.*, 2022 WL 1112223 (S.D. Miss. 2022), are hereby incorporated into this Complaint by reference.

20.

Plaintiff has suffered mental anxiety and stress as a result of his imprisonment and his arrest without probable cause.

**REQUEST FOR RELIEF**

Plaintiff requests actual and punitive damages against Defendant Thoms and actual damages against Defendants City of Jackson, Mississippi and Hinds County, Mississippi in an amount to be determined by a jury, and reasonable attorneys' fees, costs and expenses, pursuant to 42 U.S.C. § 1988.

RESPECTFULLY SUBMITTED, this the 16th day of February, 2023.

DESMOND D. GREEN, Plaintiff

By:    */s/ JIM WAIDE*
Jim Waide, MS Bar No. 6857
waide@waidelaw.com
WAIDE & ASSOCIATES, P.A.
Post Office Box 1357
Tupelo, MS  38802-1357
(662) 842-7324 / Telephone
(662) 842-8056 / Facsimile

ATTORNEYS FOR PLAINTIFF