IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DESMOND D. GREEN**   **PLAINTIFF**

**VERSUS**   **CAUSE NO. 3:23-CV-126-CWR-FKB**

**CITY OF JACKSON, MISSISSIPPI,**
**HINDS COUNTY, MISSISSIPPI, and**
**DETECTIVE JACQUELYN THOMAS,**
**Individually**   **DEFENDANTS**

---

**PLAINTIFF'S MEMORANDUM BRIEF IN OPPOSITION TO DEFENDANT HINDS COUNTY, MISSISSIPPI'S MOTION FOR JUDGMENT ON THE PLEADINGS [23]**

---

## I. INTRODUCTION

Defendant Hinds County, Mississippi has filed a Motion for Judgment on the Pleadings [23]. For the reasons explained in this Memorandum Brief, the motion should be denied.

## II. FACTS

This suit arises out of Plaintiff Desmond Green's being arrested without probable cause, and confined in the Hinds County Detention Center for two (2) years and three (3) months. The suit seeks damages for arrest without probable cause against Defendant City of Jackson, Mississippi and Detective Jacqueline Thomas.

This suit also seeks damages against Defendant Hinds County, Mississippi and Defendant City of Jackson, Mississippi because of unconstitutional conditions of confinement.

The Complaint alleges:

2. . . . Defendant HINDS COUNTY, MISSISSIPPI is a political subdivision of the State of Mississippi. . . Defendant County controls the Raymond Detention Center. The inhumane conditions in the jail, to be described herein, are the proximate result of official policy decisions of the Sheriff of Hinds County, Mississippi and of its Board of Supervisors and of the City of Jackson's City Council.

. . .

18. As a result of his arrest without probable cause, Plaintiff was imprisoned in the Raymond Detention Center, a facility operated by Defendant Hinds County. There, Plaintiff remained for two (2) years and three (3) months. The conditions at the Raymond Detention Center were inhumane. In his first night in the jail, Plaintiff's cell mate was stabbed. There was a rodent infestation in the jail. Snakes populated the jail. There was constant yelling, fighting, and threats of violence. Plaintiff often did not have a mattress, or even a pad, to sleep on, and slept on the floor. The food was moldy and stale. Plaintiff constantly feared for his life. The jail conditions fell below Eighth Amendment and Fourteenth Amendment constitutional standards for reasons described in *United States v. Hinds Cnty.*, 2022 WL 1112223 (S.D. Miss. 2022), and described throughout the pleadings in the case styled *United States v. Hinds Cnty., et al.*, United States District Court, Southern District of Mississippi, Civil Action No. 3:16cv489.

. . .

### Count III:

Defendant City and Defendant County are jointly liable for violation of the Eighth and Fourteenth Amendments of the United States Constitution with respect to jail conditions because their official policy decisions, not to provide humane pretrial confinement, resulted in Plaintiff's being confined in inhumane conditions. Plaintiff was held in conditions which violated the standards of Fourteenth Amendment substantive due process and the Eighth Amendment prohibition of cruel and unusual punishment. The conditions were not necessary to assure Plaintiff's presence at trial. These conditions have been held unconstitutional by this Court in *United States v. Hinds Cnty.*, 2022 WL 1112223 (S.D. Miss. 2022), and Defendant Hinds County is collaterally estopped to deny that Plaintiff was held in conditions which violate the Eighth and Fourteenth Amendments. This Court's opinion and consent orders in Civil Action No. 3:16cv489, reported at *United States v. Hinds Cnty.*, 2022 WL 1112223 (S.D. Miss. 2022), are hereby incorporated into this Complaint by reference.

Complaint [1].

Green's unconstitutional confinement finally ended when the State filed a motion on April 14, 2022, notifying the court that "the State believes it is unable to meet his burden of proof at this time." Complaint, Exhibit "A" thereto, at ¶ 17 [1].

### III.  STANDARD OF REVIEW

A Rule 12(c) motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022).

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

On a motion to dismiss, Plaintiff is not under any duty to produce evidence to show that Defendant County has violated his constitutional rights. Green's only burden is to make a plausible allegation that his constitutional rights were violated. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Garcia v. Mendeke*, 2017 WL 3471463, *2 (W.D. Tex. 2017), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A court "'must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party.' *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc)." *Kelson v. Clark*, 1 F.4th 411, 416 (5th Cir. 2021). "'[D]etailed factual allegations' are not required at the pleadings stage." *Kelson*, 1 F.4th at 418.

*Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163 (1993), established that there is no "heightened pleading requirement" in cases against municipalities

under 42 U.S.C. § 1983. According to *Leatherman*, Rule 8's requirement for "a short and plain statement of the claim. . . ." is all that is required. *Leatherman*, 507 U.S. at 168.

*Leatherman* was quoted with approval in the post-*Iqbal* and post-*Twombly* cases, *Johnson v. City of Shelby, Miss.*, 574 U.S. 10 (2014). *Johnson* held that any "heightened pleading rule" conflicts with *Leatherman*. *Johnson*, 574 U.S. at 11. *Johnson* adhered to *Leatherman* in 2014, years after *Iqbal* and *Twombly* were decided.

*Iqbal* and *Twombly* interpreted Rule 8(a) as including a plausibility requirement. The complaint in *Iqbal* was dismissed because the plaintiff had not plausibly pled any facts to support a discrimination claim. *Iqbal*, 556 U.S. at 678. The complaint in *Twombly* was dismissed because a plaintiff had not plausibly pled any facts indicating a conspiracy to engage in price-fixing. *Twombly*, 550 US at 566. While *Iqbal* and *Twombly* held that Rule 8 contains a plausibility requirement, they do not require heightened pleading, such as requiring a plaintiff to plead a *prima facie* case. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506 (2002).

IV.  **ARGUMENT**

A. **GREEN'S COMPLAINT PLAUSIBLY ALLEGES A VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.**

Defendant County's own brief summarizes Green's factual allegations as follows:

> Plaintiff's cell mate was stabbed. There was a rodent infestation in the jail. Snakes populated the jail. There was constant yelling, fighting, and threats of violence. Plaintiff often did not have a mattress, or even a pad, to sleep on, and slept on the floor. The food was moldy and stale. Plaintiff constantly feared for his life.

Defendant Hinds County, Mississippi's Memorandum of Authorities in Support of Motion for Judgment on the Pleadings, p. 3, quoting Complaint, ¶ 18 [24].

These allegations make a plausible claim for relief. *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644-45 (5th Cir. 1996) (*en banc*), interpreted *Bell v. Wolfish*, 441 U.S. 520, 538 (1979), to require that when a state imprisons persons, it has the "responsibility under the U.S. Constitution to tend to essentials of their well-being. . . ." *Hare*, 74 F.3d at 639. *Hare* interpreted *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989), as follows:

> [W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—e.g., food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

*Hare*, 74 F.3d at 639.

*Hare* specified that determining whether there are unconstitutional conditions of confinement requires a less demanding analysis than determining whether due process was violated by a single episodic act or omission. As stated in *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009):

> If the plaintiff has properly stated a claim as an attack on conditions of confinement, he is relieved from the burden of demonstrating a municipal entity's or individual jail official's actual intent to punish because, as discussed below, intent may be inferred from the decision to expose a detainee to an unconstitutional condition.

It is inappropriate to single out a particular act of neglect and argue that such act of neglect is not unconstitutional. Rather, a plaintiff may show a series of "acts or omissions . . . sufficiently extended or pervasive . . . to prove an intended condition. . . ." *Hare*, 74 F.3d at 645. Drawing all inferences in favor of the non-movant, it is plausible that Green was deprived of reasonable safety and the basic human need of adequate sleeping conditions over an extended two (2) year and three (3) month period of time. The Complaint, therefore, plausibly alleges a violation of constitutional rights.

Even standing alone, the fact that Green was required to sleep on the floor, rather than on a mattress or padding, is enough to plead a constitutional violation. *Martinez v. Harris Cnty. Jail*, 71 F.3d 876, *3 (5th Cir. 1995), held:

> Nothing in the record, nor any testimony elicited at the *Spears* hearing, indicates why prison officials denied Martinez a mattress and showers. These deprivations could arguably constitute unconstitutional punishment of a pretrial detainee. *Bell*, 441 U.S. at 538-39[1], . . . see also *Cupit v. Jones*, 835 F.2d 82, 85 (5th Cir. 1987). . . Accordingly, we hold that the district court abused its discretion in dismissing as frivolous Martinez's claims concerning these conditions of his pretrial detention.

*Hebert v. Maxwell*, 214 F. App'x 451, 455-56 (5th Cir. 2007), held:

> We take the facts in the light most favorable to Hebert. He alleges that he was forced to sleep on a wooden plank while the county had other cells with mattresses available. The government's stated objective was to "find out who [Hebert] was." In the absence of a compelling governmental interest, housing a detainee in a room without sleeping accommodations, when other available rooms had sleeping facilities, is enough to survive a summary judgment motion based on qualified immunity.

*Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 996 (3d Cir. 1983), held that double celling inmates in bunk beds was constitutional because it "avoid[ed] the unsanitary and humiliating practice of forcing detainees to sleep on mattresses placed either on the floor adjacent to the toilet and at the feet of their cellmates. . . ."

Requiring detainees to sleep on the floor was held enough to state a plausible claim for unconstitutional confinement in *Wade v. Lee Cnty., Mississippi*, 2023 WL 3276435 (N.D. Miss. 2023).

> As in *Martinez*[2], the defendant has not provided any reason for why it did not provide the plaintiff with any type of bedding for sleeping. *Martinez*, 71 F.3d 876, 1995 WL

---

[1] *Bell v. Wolfish*, 441 U.S. 520 (1979).

[2] *Martinez v. Harris Cnty. Jail*, 71 F.3d 876 (5th Cir. 1995).

> 725414.  Like in *Hebert*[3] and *Unger*[4], the defendant provided sleeping accommodations to other detainees but not the plaintiff. *Hebert*, 214 F. App'x at 456; *Unger v. Taylor*, 2008 WL 11422152. Consequently, absent a "legitimate, non-punitive government objective" for this discrepancy, the plaintiff's claim as to this condition of confinement must proceed beyond summary judgment.

*Wade*, 2023 WL 3276435, at *7.

Besides the lack of bedding, this case involves factual allegations from which a jury may infer that Green's life was in danger during the two (2) years and three (3) months when he was confined in the Hinds County Jail. "The only justification for pretrial detention specifically recognized by the *Bell* Court was to ensure the defendant's appearance at trial on the crime charged. *Bell*, 441 U.S. at 534 n. 15[5]. . . ." *Hamilton v. Lyons*, 74 F.3d 99, 105 (5th Cir. 1996) (footnote omitted). The unsafe and terrifying conditions which the Complaint alleges Green endured were not necessary to assure his presence at trial. It is plausible that Green will establish at trial that his conditions of confinement violated the Eighth and Fourteenth Amendments of the United States Constitution.

### B.  GREEN'S UNCONSTITUTIONAL CONFINEMENT WAS THE OFFICIAL COUNTY POLICY OR CUSTOM.

Defendant County's brief claims jail such conditions were not the result of official policy. However, the acts in question could have been carried out through only the acts of the County Board of Supervisors' decisions regarding providing funding for the jail or through the sheriff, as the person in charge of the jail. Under Mississippi law, the County Board of Supervisors is the entity

---

[3]  *Hebert v. Maxwell*, 214 F. App'x 451, 455 (5th Cir. 2007).

[4]  *Unger v. Taylor*, 2008 WL 11422152 (E.D. Tex. 2008), aff'd, 368 F. App'x 526 (5th Cir. 2010).

[5]  *Bell v. Wolfish*, 441 U.S. 520 (1979).

responsible for county affairs, except those affairs delegated to another entity. MISS. CODE ANN. § 19-3-40. Under Mississippi law, the sheriff is the individual in charge of the jail. MISS. CODE ANN. §§ 19-25-69, 19-25-35. The sheriff is the official policymaker for all law enforcement matters in the County. *Huddleston v. Shirley*, 787 F. Supp. 109, 112 (N.D. Miss. 1992); *Jauch v. Choctaw Cnty.*, 874 F.3d 425, 435-36 (5th Cir. 2017).

Furthermore, since the conditions which Green described existed over the entire time of his confinement, it is plausible that he will establish that the conditions of his confinement amount to a County custom within the meaning of *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Under *Monell*, "deprivations visited pursuant to governmental "custom" even though such custom has not received formal approval through the government's official decision-making channels" may render a municipality liable. *Monell*, 436 U.S. at 659.

Defendant County is liable for the official policy decisions of its sheriff under *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). Defendant County is also liable because any conditions which might fall outside a sheriff's authority necessarily are legally the responsibility of the Board of Supervisors. Finally, the unconstitutional conditions are County custom.

Defendant County uses this Motion for Judgment on the Pleadings to argue that Defendant County's entering a consent degree admitting to unconstitutional conditions cannot support liability. This argument is premature since the issue of what evidence is to be introduced at trial is not yet before this Court. This case is before this Court on a Motion for Judgment on the Pleadings; the only documents which can be considered are the Complaint and its attachments. *Foerster v. Bleess*, 2022 WL 38996, *2 (5th Cir. 2022). It puts the cart before the horse to argue, at this stage, about what

evidence might be introduced at trial or on any motion for summary judgment. The only issue now is whether the Complaint states a plausible claim.

Defendant County's reliance upon several district court opinions indicating that a consent decree may not be received into evidence in order to establish liability is not appropriate at this stage. It is worth noting, however, that the primary basis for these decisions is FED. R. EVID. 804, which, generally, disallows evidence of compromising negotiations as proof of liability. FED. R. EVID. 804(a).

While evidence of such compromise is not admissible at trial to establish liability, it may be admissible for another purpose. Further, there are relevant contested orders. This Court, following an evidentiary hearing, has found that, rather than comply with the Constitution, Defendant County has engaged in what this Court described as the "Blame Game." *United States v. Hinds Cnty.*, 2022 WL 1112223, *7 (S.D. Miss. 2022), on reconsideration, 2023 WL 1116530 (S.D. Miss. 2023). That court has found misrepresentations were made to the Court about compliance with this Court's order with respect to providing tables and chairs so inmates do not have to eat on the floor. *United States v. Hinds Cnty.*, 2022 WL 1112223, at *10. This Court entered a comprehensive opinion on a contested motion, and one of the many lessons that may be taken from that opinion is that Hinds County, whether through its sheriff or Board of Supervisors, has engaged in a pattern of intentional disregard of this Court's orders. *See United States v. Hinds Cnty.*, 2022 WL 1112223. A jury may find the Board of Supervisors or sheriff knowingly perpetuated unconstitutional conditions.

## IV.   CONCLUSION

Plaintiff Desmond D. Green has made plausible allegations, that his constitutional rights were violated by the conditions of his confinement for two (2) years and three (3) months in the Hinds

County Jail. Accordingly, Defendant Hinds County, Mississippi's Motion for Judgment on the Pleadings should be denied.

    RESPECTFULLY SUBMITTED, this the 11th day of September, 2023.

                                   DESMOND D. GREEN, Plaintiff

                By:   */s/ JIM WAIDE*
                       Jim Waide, MS Bar No. 6857
                       waide@waidelaw.com
                       WAIDE & ASSOCIATES, P.A.
                       Post Office Box 1357
                       Tupelo, MS  38802-1357
                       (662) 842-7324 / Telephone
                       (662) 842-8056 / Facsimile

                       ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

This will certify that undersigned counsel for Plaintiff has this day filed the above and foregoing with the Clerk of the Court, utilizing the federal court electronic case data filing system (CM/ECF), which sent notification of such filing to the following:

**Attorneys for Defendant City of Jackson, Mississippi and Defendant Jacquelyn Thomas:**
Drew M. Martin, Esq.
Office of the City Attorney
455 East Capitol Street
Jackson, MS 39207-2779
drew@justicems.com
alovell@city.jackson.ms.us
dmartin@jacksonms.gov
dmartin@martinlawfirmpllc.com
jenellm5113@gmail.com
mcoleman@city.jackson.ms.us
mgriffin@city.jackson.ms.us
ymanogin@city.jackson.ms.us

**Attorneys for Defendant Hinds County, Mississippi:**
William R. Allen, Esq.
Kevin J. White, Esq.
Allen, Allen, Breeland & Allen, PLLC
P. O. Box 751
Brookhaven, MS 39602
wallen@aabalegal.com
kwhite@aabalegal.com

Rayford G. Chambers, Esq.
Tony R. Gaylor, Esq.
Chambers & Gaylor
P. O. Box 12393
Jackson, MS 39236
rchambers@cglawpartners.com
tgaylor@cglawpartners.com

DATED, this the 11th day of September, 2023.

                                          */s/ JIM WAIDE*
                                          JIM WAIDE