# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**DESMOND D. GREEN**,

          *Plaintiff*,

v.

**CITY OF JACKSON, MISSISSIPPI,**

          *Defendant.*

Cause No. 3:23-CV-126-CWR-ASH

## ORDER

Before the Court is the City of Jackson, Mississippi's motion to dismiss. For the reasons discussed below, the motion will be granted in part and denied in part.

**I.   Factual and Procedural History**

Desmond D. Green was detained in the Raymond Detention Center for approximately two years following his arrest by City of Jackson police officers. He says the officers arrested and detained him based solely on the false, uncorroborated statement of a known drug addict, and withheld that critical information from the Grand Jury. *See Green v. Thomas*, 129 F.4th 877, 881 (5th Cir. 2025). At this stage of the litigation, his allegations must be taken as true and interpreted in the light most favorable to him. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 634 (5th Cir. 2014).

On February 16, 2023, Mr. Green filed his complaint against the City of Jackson, Hinds County, and Detective Jacquelyn Thomas. Relevant here are his claims that the City is liable for unconstitutional customs that caused his injuries. He specifically alleges that the City, through its official policymakers, was willfully indifferent to citizens' constitutional rights

"by failing to train officers that they could not cause an arrest and imprisonment of a person without reliable evidence indicating probable cause, and without disclosing complete, accurate information to the Grand Jury." Docket No. 1 at 5-6. "Alternatively, Defendant City of Jackson is liable because it delegated to Defendant Thomas the full authority to make arrests without supervision. There was a total absence of supervision of Defendant Thomas." *Id.* at 7.[1]

This case was stayed for some time to facilitate Detective Thomas's interlocutory appeal to the Fifth Circuit. *See Mitchell v. Forsyth*, 472 U.S. 511, 527 (1985). That appeal has now concluded, so the City's pending motion is ripe for adjudication.

## II.     Legal Standard

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the plaintiff's factual allegations as true and make reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). Additionally, the plaintiff's claims must be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quotation marks and citation omitted).

Though the Court is required to accept "all well-pled facts as true," it need not accept "threadbare recitals of the elements of a cause of action; conclusory statements; and naked

---

[1] In part of his complaint, Mr. Green says the City should be held "jointly liable" with Hinds County, the operator of the jail in which he was held, for unconstitutional conditions of confinement. Because the operator of the jail is (in truth) Hinds County, and Mr. Green later reached a settlement with Hinds County, the Court presumes that his conditions of confinement claims have been fully resolved.

assertions devoid of further factual enhancement." *Johnson v. Harris Cnty.*, 83 F.4th 941, 945 (5th Cir. 2023) (quotation marks omitted).

**III.   Discussion**

The City first argues that Mr. Green failed to plausibly allege how it could be liable to him under federal law, which in this context is sometimes known as "*Monell*" liability. It then argues that the Mississippi Tort Claims Act (MTCA) immunizes it from liability as to Mr. Green's state-law claim.

**A.   *Monell* Liability**

It is well-established that "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

A formal, written policy is not necessary to sustain such a claim; governments may be sued for unconstitutional deprivations caused by "governmental '*custom*' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 691 (emphasis added). "Although not authorized by written law, such practices . . . could well be so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970).

Here, the City contends that Mr. Green's *Monell* claims should be dismissed because he failed to identify a policymaker, failed to identify an official policy, and failed to make specific factual allegations which would establish a violation of a Constitutional right.

3

### 1. The Policymaker

Mr. Green alleges that the Jackson, Mississippi Police Chief is the official policymaker for the City, or that the Chief delegated that responsibility to the Detective who falsely arrested him—Detective Thomas. The City objects, calling this a "moving target."

Precedent suggests that Mr. Green is correct. *See K.B. v. Adams*, 480 F. Supp. 3d 746, 755 (S.D. Miss. 2020). Discovery in this matter may reveal that the Chief, in turn, delegated certain responsibilities to others. Such possibilities are not facts that could be known by a plaintiff at this stage of litigation, though, and the Court is mindful that plaintiffs can state theories in the alternative.

For present purposes, the Court finds that Mr. Green's complaint more than sufficiently alleges a policymaker, such that he may proceed to establish the truth of the matter through discovery. *See Groden v. City of Dall.*, 826 F.3d 280, 285 (5th Cir. 2016) ("courts should not grant motions to dismiss for failing to plead the specific identity of the policymaker").

### 2. An Official Policy

Again, Mr. Green alleges that the City failed to train its officers that they could not arrest and imprison a person without reliable evidence indicating probable cause. The City's objection here is that Mr. Green failed to pair this failure-to-train allegation with supporting factual allegations that a particular City policy was inadequate.

"[A] municipality's policy of failing to train its police officers can give rise to § 1983 liability." *Brown v. Bryan Cnty., OK*, 219 F.3d 450, 457 (5th Cir. 2000). The failure to train must "in a relevant respect amount[] to deliberate indifference to the constitutional rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378,

4

379 (1989). Such a failure "may fairly be said to represent a policy for which the city is responsible, and for which the city may be held liable if it actually causes injury." *Id.* at 390.

To succeed on a failure to train theory, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Craig v. City of Yazoo City, Miss.*, 984 F. Supp. 2d 616, 628 (S.D. Miss. 2013).

The City's argument is unpersuasive. As the above caselaw shows, a formal, written policy to break the Constitution is not necessary to meet the requirements of this cause of action. *See Monell*, 436 U.S. at 691.

### 3.    A Constitutional Violation

Here, the City argues that the Constitution does not guarantee Mr. Green the right to a perfect investigation. This is true. The City, however, then argues that Mr. Green's complaint fails to allege a violation of a Constitutional right. The Court disagrees. The Constitution grants Mr. Green freedom from arrest without probable cause. He has alleged that the City's custom of violating that right caused his unlawful detention.

On review, the Court finds that Mr. Green has "exercise[d] reasonable due diligence and provide[d] some factual basis for his allegations that would 'raise a reasonable expectation that discovery will reveal evidence' that defendants engaged in unlawful conduct." *Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). The allegations made in his complaint are plausible and, if proven, may support a conclusion that the City bears some responsibility for his injuries.

As a result, the City's motion to dismiss Mr. Green's federal claims is denied.

**B.    Liability Under the Mississippi Tort Claims Act**

The City next argues that Mississippi Code §§ 11-46-9(1)(c) and 11-46-9(1)(d) immunize it from state-law liability. It also argues that Mr. Green failed to provide the required MTCA pre-suit notice.

Mr. Green addresses none of these concerns in his response brief, and as such has abandoned this claim. *See, e.g.*, *Campbell v. Atl. Scaffolding Co.*, No. 1:12-CV-405-LG-JMR, 2014 WL 2684291, at *12 (S.D. Miss. June 13, 2014). As a result, his MTCA claim is dismissed.

**IV.    Conclusion**

The motion is granted in part and denied in part.

**SO ORDERED**, this the 16th day of May, 2025.

                                        s/ Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE