IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DESMOND GREEN                                                    PLAINTIFF

VS.                                                NO. 3:23-cv-126-CWR-ASH

CITY OF JACKSON, MISSISSIPPI                              DEFENDANTS
HINDS COUNTY, MISSISSIPPI, and
DETECTIVE JACQUELYN THOMAS

---

ANSWER AND AFFIRMATIVE DEFENSES
BY THE CITY OF JACKSON, MISSISSIPPI AND
DETECTIVE JACQUELYN THOMAS

---

**COMES NOW**, Defendants, the City of Jackson, Mississippi ("City"), and Detective Jacquelyn Thomas, by and through undersigned counsel, and pursuant to the Federal Rules of Civil Procedure and other applicable authority, and submit their Answer and Affirmative Defenses to Plaintiff's Complaint. In support, the City and Detective Thomas state as follows:

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim on which relief can be granted and should be dismissed with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### Second Affirmative Defense

Defendants give notice that they intend to rely upon such remaining affirmative defenses as may become available or apparent during discovery; thus, the Defendants reserve the right to amend this answer to assert any such defense.

**Third Affirmative Defense**

The Defendants reserve all statutory and/or indemnity rights it may have against all others who may have standing in this case or have information or liability whether parties to this action now or become parties pursuant to the rules of civil procedure, both state and federal, if necessary and/or non-parties.

**Fourth Affirmative Defense**

The Defendants deny that any of their actions and/or omissions caused Plaintiff's harm or special harm for which Plaintiff seeks to impose liability, whether expressly denied herein or not, in Plaintiff's Complaint.

**Fifth Affirmative Defense**

At all times and as to all matters material to the Plaintiff's Complaint, the Defendants including the City and its employees, agents, and remaining servants acted reasonably and in accordance with all applicable laws.

**Sixth Affirmative Defense**

Plaintiff's claims, if any, against the City that may be alleged to have possibly arisen from judicial/administrative inaction of the City, are prohibited by statute, where said allegations claim that City employees were acting within the scope of its employment for the City.

**Seventh Affirmative Defense**

The actions of the Defendants regarding the Plaintiff were conducted in good faith.

**Eighth Affirmative Defense**

The City has no customs, practices, or policies that caused or contributed to the alleged deprivations, injuries, and/or damages, if any, suffered by the Plaintiff.

**Ninth Affirmative Defense**

The City affirmatively pleads assumption of risk as a bar to Plaintiff's Complaint.

**Tenth Affirmative Defense**

The sole proximate and/or contributing causes of Plaintiff's damages, if any, were not caused or contributed to by any act or omission of the Defendants, but such damages, if any, were caused and/or contributed to by the acts and/or omissions of others for which the Defendants cannot be held liable.

**Eleventh Affirmative Defense**

Any damages sustained by Plaintiff were solely and proximately caused and/or contributed to by the unforeseeable, intervening, or superseding causes and/or other causes attributable to persons, entities, or events which the Defendants had neither control, right to control, duty to control nor any other legal relationship whatsoever.

**Twelfth Affirmative Defense**

Without waiving any other affirmative defense, the City affirmatively pleads and alleges that it is not responsible for the intentional acts, if any, by any agents, representatives, or employees of the City or any other defendant, person or entity toward Plaintiff, and that any alleged intentional acts of any agent, representative or employee of the City and/or any other defendant, person or entity, if any, were not reasonably foreseeable by the City.

**Thirteenth Affirmative Defense**

Pursuant to Rules 12, 17, and 19 of the Federal Rules of Civil Procedure, if the damages, or any part thereof, claimed by the Plaintiff's Complaint have been paid or provided by any person, corporation, or party, including insurer, workers' compensation carrier, employer or governmental entity, which holds any rights of subrogation, assignment, loan receipt(s) or lienholder interest therefore as a result of such payment(s), then those persons should be joined because they are real parties in interest in the action based on subrogation, assignment, lien, or otherwise. Per Rules 12, 17, and 19 of the Federal Rules of Civil Procedure, the action must be brought by the real party in interest,

and the Plaintiff is not entitled to recover if others are entitled to recover based on subrogation, assignment, lien, or otherwise.

### Fourteenth Affirmative Defense

The Defendants have not breached any duty owed to the Plaintiff, whether contractual, common law, state, or federal statutory law under any of the counts alleged in the Complaint by the Plaintiff.

### Fifteenth Affirmative Defense

Plaintiff's claims against the Defendants are prohibited by prevailing federal and state law and all other applicable defenses as is alleged to have arisen out of the acts, practices, policies, procedures, or omissions of a governmental entity.

### Sixteenth Affirmative Defense

The Defendants assert the defenses of sovereign immunity, qualified immunity, police protection immunity, discretionary function immunity, and any other immunity available under federal or state law.

### Seventeenth Affirmative Defense

Plaintiff's Complaint fails to state a claim or allege any facts which support a claim for any violations of the United States Constitution, the Constitution of Mississippi, and/or the laws of the United States or Mississippi.

### Eighteenth Affirmative Defense

Plaintiff failed to mitigate damages.

### Nineteenth Affirmative Defense

Plaintiff's claims against the City are prohibited by statute because they have not arisen from alleged failures of the City and its employees to execute or perform a statute, ordinance, or regulation.

4

### Twentieth Affirmative Defense

At all material times, the City and its employees, agents, and servants used the degree of care required of them under the law and are not liable in damages to Plaintiff.

### Twenty-First Affirmative Defense

Any allegation(s) of capacity, fraud, mistake, and conspiracy, condition of mind, official document or act, judgment, and/or special damages as required by Rule 9 of the Federal Rules of Civil Procedure is barred because Plaintiff fail to properly plead.

### Twenty-Second Affirmative Defense

The Defendants assert any and all other affirmative defenses to which they may be entitled, including indemnification, contributory negligence, comparative negligence, set off, contribution, estoppel, fraud, illegality, release, res judicata, collateral estoppel, assumption of the risk, statute of frauds, and waiver.

### Twenty-Third Affirmative Defense

The actions or inactions on the part of the Plaintiff were the sole, proximate cause of the incident complained of and the alleged damages sustained by Plaintiff if any.

### Twenty-Fourth Affirmative Defense

Plaintiff's Section 1983 claim fails because the Plaintiff can prove no set of facts to establish that a person acting under the color of state law deprived Plaintiff of a right secured by the Constitution or laws of the United States.

### Twenty-Fifth Affirmative Defense

Plaintiff's Section 1983 claim fails because the Complaint makes conclusory allegations, and fails to support the claim with specific facts demonstrating a constitutional deprivation.

**Twenty-Sixth Affirmative Defense**

Plaintiff's Complaint fails, pursuant to Section 1983, because it does not allege, and cannot prove any set of facts to establish, that the constitutional or statutory deprivation was intentional or due to deliberate indifference and not the result of mere negligence.

**Twenty-Seventh Affirmative Defense**

Plaintiff's claims fail because the Complaint does not identify a protected life, liberty or property interest and how governmental action resulted in a deprivation of that interest without due process of law.

**Twenty-Eighth Affirmative Defense**

Plaintiff's claims fail because there is no substantive due process or other constitutional right to be free from the damages alleged in the Complaint.

**Twenty-Ninth Affirmative Defense**

Plaintiff's claims fail because there is no due process right at stake in the matters set forth in the Complaint.

**Thirtieth Affirmative Defense**

Plaintiff's Complaint fails because it pleads no set of facts that could establish *Monell* liability against the City.

**Thirty-First Affirmative Defense**

Plaintiff is not entitled to recover enhanced, punitive, or exemplary damages pursuant to the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States and applicable law of the United States and the State of Mississippi.

**Thirty-Second Affirmative Defense**

Detective Thomas is entitled to qualified immunity pursuant to applicable law.

### Thirty-Third Affirmative Defense

Defendants assert and invoke 42 U.S.C. § 1997e(a)-(h), *Heck v. Humphrey*, 512 U.S. 477 (1994), and other applicable law preventing Plaintiff from making any recovery in this case.

### Thirty-Fourth Affirmative Defense

Plaintiff's Complaint fails to plead a clearly-established right that was violated and which every reasonable officer would know was a violation of a clearly-established constitutional right.

### Thirty-Fifth Affirmative Defense

Probable cause existed to arrest Plaintiff. Alternative, if probable cause is found not to exist, any mistaken assumption that probable cause existed was reasonable.

### Thirty-Sixth Affirmative Defense

There was no recognized claim for malicious prosecution at all times relevant to this Complaint.

### Thirty-Seventh Affirmative Defense

Defendants affirmatively plead the independent intermediary doctrine.

### Thirty-Eighth Affirmative Defense

Information was submitted to the prosecutor and grand jury, which made the charging decisions – not the City and Detective Thomas.

### Thirty-Ninth Affirmative Defense

Plaintiff's claims fail because the Complaint fails to identify an official policy maker and policy promulgated by said policy maker that was the moving force behind the violation of the constitutional right.

### Fortieth Affirmative Defense

If any state law claims are at issue, the Defendants invoke each and every privilege, immunity, restriction and/or limitation of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.*,

including, but not limited to, the provisions outlined in Sections 11-46-3, 11-46-5, 11-46-7, 11-46-9, 11-46-11, 11-46-13 and 11-46-15.

**Forty-First Affirmative Defense**

The Complaint should be dismissed under 12(b)(6) of the Federal Rules of Civil Procedure. Additionally, the City of Jackson asserts the defense of failure to state a claim upon which relief can be granted and all other defenses provided for by Rule 12 of the Federal Rules of Civil Procedure.

**ANSWER**

And now, without waiver of any other defense herein, the City and Detective Thomas respond to the allegations of the Plaintiff's Complaint, paragraph by paragraph, as follows:

The first unnumbered paragraph commencing with the phrase "This is an action . . . " is introductory; however, to the extent that the first unnumbered introductory paragraph purports to place liability on the Defendants, said Defendants deny said allegations.

1.    Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 1 of the Plaintiff's Complaint and therefore deny the same.

2.    The City admits that it is a municipal corporation created under the laws of the State of Mississippi, and the City may be served with process pursuant to Mississippi law. The Defendants admit that Detective Jacquelyn Thomas is an adult resident citizen of Mississippi. Defednants further admit that Detective Thomas is employed by the City and works for the Jackson Police Department. Defendants are without sufficient information to either admit or deny allegations related to Hinds County, Mississippi. Otherwise, the City denies the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.    The Defendants admit that this Court has federal question jurisdiction over this case. Otherwise, denied.

4.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 4 of the Plaintiff's Complaint and therefore deny the same.

5.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Plaintiff's Complaint and therefore deny the same.

6.      Denied.

7.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Plaintiff's Complaint and therefore deny the same.

8.      Denied.

9.      Denied.

10.      Denied.

11.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 11 of the Plaintiff's Complaint and therefore deny the same.

12.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint and therefore deny the same.

13.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 13 of the Plaintiff's Complaint and therefore deny the same.

14.      Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint and therefore deny the same.

15.      Denied.

16.      Denied.

17.      Denied.

18.      Denied.

19.      Denied.  All Counts and sub-paragraphs are denied, including Count I, Count II, and Count III.

20.    Denied.

REQUEST FOR RELIEF

Defendants deny the last unnumbered paragraph beginning with "Plaintiff requests . . ."
Defendants specifically deny that they are liable to Plaintiff for any compensatory damages, actual
damages, or punitive damages.  Defendants further deny that they are liable for any attorney's fees or
costs.

AND NOW, having fully answered the Plaintiff's Complaint, Defendants request that they be
dismissed from the Plaintiff's Complaint and that Defendants be awarded attorney's fees, costs, and
all other appropriate relief.

RESPECTFULLY submitted this the 16th day of June, 2025.

**CITY OF JACKSON, MISSISSIPPI AND
DETECTIVE JACQUELYN THOMAS**

By: /s/ Jason L. Nabors
Jason L. Nabors, MSB #101630

**OFFICE OF THE CITY ATTORNEY**
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Telephone: 601-960-1799
Facsimile: 601-960-1756
*Attorneys for the City of Jackson*

## <u>CERTIFICATE OF SERVICE</u>

I, Jason L. Nabors, one of the attorneys for the Defendants, do certify that I have this day caused to be served, via electronic filing, a true and correct copy of the above and foregoing document to all counsel of record.

So certified, this the 16th day of June, 2025.

<u>/s/ Jason L. Nabors</u>
Jason L. Nabors